

FILED
Mar 18, 2020
02:38 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION CLAIMS
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **DEBORAH BRATCHER,** | ) | **Docket No. 2019-05-0373** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **YATES SERVICES, LLC,** | ) | **State File No. 21633-2018** |
| **Employer,** | ) | |
| **And** | ) | |
| | ) | |
| **TRAVELERS INDEM. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER GRANTING SUMMARY JUDGMENT

---

This case came before the Court on Yates's February 10, 2020 Motion for Summary Judgment. The central legal issue is whether Yates is entitled to summary judgment on grounds that Ms. Bratcher failed to present sufficient evidence of causation, an essential element of her claim. For the reasons below, the Court holds Yates is entitled to summary judgment.

### Procedural History

Ms. Bratcher suffered a work injury on March 19, 2018. Yates accepted the injury and provided treatment for her neck and shoulder pain, including an orthopedic panel from which Ms. Bratcher selected Dr. Timothy Steinagle.

Dr. Steinagle saw no evidence of nerve root impingement and diagnosed rotator cuff strain. After two visits, he concluded that he had nothing further to offer Ms. Bratcher and released her. He added, "She may follow up with her personal physician for evaluation and treatment of preexisting AC arthritis."

Ms. Bratcher sought treatment from other providers, including Dr. Jonathan Head. In a return-to-work note, Dr. Head wrote, "Patient's shoulder and chest pain is probably work related." In Ms. Bratcher's FMLA forms, Dr. Head also checked "yes" to the

1

question, "Is the disability work related?"

Following an Expedited Hearing, the Court entered an order denying additional medical benefits. Specifically, the Court held that Ms. Bratcher did not establish her injury arose primarily out of her employment or that it contributed more than fifty percent to her need for medical treatment. *See* Tenn. Code Ann. § 50-6-102(14)(A), (C) (2019).

Yates filed this Motion for Summary Judgment along with a statement of undisputed facts. Ms. Bratcher did not file a response to the motion. The Court heard the Motion telephonically on March 17, 2020. Ms. Bratcher did not call.

## Yates's Motion

Yates filed a statement of undisputed material facts with citations to the record in compliance with Tennessee Rules of Civil Procedure 56.03. The dispositive material facts were:

1. Ms. Bratcher suffered a compensable work injury to her neck and right shoulder on March 19, 2018.
2. Ms. Bratcher selected Dr. Steinagle from a panel of orthopedic specialists.
3. On July 19, 2018, Dr. Steinagle concluded Ms. Bratcher had "completed an adequate amount of treatment for her work-related rotator cuff tendonitis," "her continued complaints cannot be objectively substantiated," and "she may follow up with her personal physician for evaluation and treatment of preexisting AC arthritis."
4. Dr. Steinagle completed a form C-30A "Final Medical Report" stating that Ms. Bratcher reached maximum medical improvement on July 19, 2018, and he did not anticipate the need for future treatment for her work injury.
5. To date, Ms. Bratcher has not provided an opinion from another doctor to sufficiently dispute Dr. Steinagle's opinion.

Yates contended those facts supported summary judgment because they constitute affirmative evidence that Ms. Bratcher cannot establish essential elements of her claim. Specifically, it argued she cannot prove that her alleged injury arose primarily from her employment.

As noted above, Ms. Bratcher did not appear for the hearing. Further she did not offer any medical evidence to oppose the motion or ask for an extension of time to obtain additional evidence. The Court further notes that, under the Scheduling Order in this case, the time for Ms. Bratcher to complete her medical proof has expired.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Yates must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of the nonmoving party's claim, or (2) demonstrate that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. Tenn. Code Ann. § 20-16-101; *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Yates is successful in meeting this burden, the nonmoving party – Ms. Bratcher – must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Rye*, at 265.

Ms. Bratcher filed no response opposing Yates's properly-supported motion for summary judgment, and she failed to meet the technical requirement of Rule 56 by responding to Yates's statement of undisputed material facts. Therefore, the Court finds the motion and the facts are undisputed. The issue then is whether under Rule 56.06 summary judgment is "appropriate."

Considering the merits of Yates's motion, the Court finds it successfully demonstrated that Ms. Bratcher's evidence is insufficient to establish medical causation, an essential element of her claim. Under Tennessee Code Annotated section 50-6-102, Ms. Bratcher must prove her injury arose primarily out of her employment or that her work contributed fifty percent or more to her need for medical treatment. Dr. Steinagle indicated that Ms. Bratcher's problems are caused by preexisting arthritis. As the Court held in its Expedited Hearing Order, Dr. Head's opinion that Ms. Bratcher's condition was related to her work is insufficient to establish compensability under the current legal standard, which requires proof that the injury arose *primarily* out of and in the course and scope of employment.

In responding to Yates's motion, Ms. Bratcher must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [her] favor[.]" *Rye,* at 265. Further, she must do more than simply offer hypothetical evidence; she must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of her workers' compensation claim. *Id*. Ms. Bratcher failed to meet this burden, as she offered no countervailing evidence and produced no material facts to lead the Court to find in her favor.

Thus, there is no genuine issue of material fact, and the Court holds Yates is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Yates's Motion for Summary Judgment is granted, and Ms. Bratcher's claim is

dismissed with prejudice to its refiling.

2. Absent appeal, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Yates under Tennessee Compilation Rules and Regulations 0800-02-21-.06 payable to the Clerk within five days of this order becoming final.

4. Yates shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED March 18, 2020.**

_____
**Judge Dale A. Tipps**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to the following recipients by these methods of service on March 18, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Deborah Bratcher | | X | Genuinelyhonest803@gmail.com |
| John R. Rucker III, Esq. Employer Attorney | | X | john@johnlewisattorney.com |

_____
**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**

4